IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN-DUBUQUE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 21-CR-1026-CJW |
| vs. | ) | |
| AUSTIN MATTHEW OBERBROECKLING, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S BRIEF IN SUPPORT OF SENTENCING MEMORANDUM**

The United States submits this brief in support of its sentencing memorandum and resistance to defendant's motion for a downward variance.

**I. Facts**

The pertinent facts related to the single outstanding issue are not in dispute. On August 1, 2019, law enforcement received a report of an individual, who was possibly intoxicated or impaired, acting suspiciously while at Verizon Wireless in Dubuque, Iowa, and who then drove away from Verizon Wireless in a white Honda Accord. (PSR ¶ 4). Later that same day, law enforcement was again called to Verizon Wireless as the suspicious individual had returned. (*Id.*). The responding officer spoke with the store manager, who advised the officer that the suspicious individual was in the bathroom. (*Id.*). The manager gave the officer the key to the bathroom, and when the officer entered the bathroom, he located the defendant inside standing near the sink and observed a firearm on the tank of the toilet. (*Id.*). The responding officer noticed that the defendant had red/watery eyes and poor

balance, and seemed to be lethargic and twitching. (*Id.*). When questioned, the defendant denied consuming alcohol or any other drugs. (*Id.*). The defendant provided a preliminary breath test (PBT) and his blood alcohol concentration registered at .01%. (*Id.*). The firearm located in the bathroom with defendant was a Glock, GMBH Model 22, .40 caliber pistol which was loaded with a 15-round magazine containing 14 rounds of ammunition and one round of ammunition in the chamber. (*Id.*). While speaking with officers, the defendant provided them with his valid Iowa concealed carry permit, which is pictured below. (*Id.*).

[Image of Iowa Nonprofessional Permit to Carry Weapons issued to Oberbroecklin, Austin Matthew, residence W 8th Dubuque, Iowa, 5200_, NICS Transaction Number 100F051MM, DOB 1994, Age 23, County Dubuque, valid from 11/0_/2017 until 11/07/2022, issued by Sheriff of Dubuque County, Iowa.]

(GE 1).

Defendant told officers that he had presented this concealed carry permit when he purchased the Glock .40 caliber pistol in December 2018. (PSR ¶ 5). Defendant was arrested and provided officers a urine sample. (PSR ¶ 6). Defendant's urine tested positive for the presence of amphetamines and methamphetamine, norfentanyl (a metabolite of fentanyl), fentanyl, acetyl fentanyl, 4-ANPP, morphine, codeine, hydromorphone, and normorphine. (*Id.*). Defendant

2

has admitted that at the time he possessed the Glock .40 caliber pistol on August 1, 2019, he was an unlawful user of at least methamphetamine and heroin. (PSR ¶ 7).

II.  Analysis

**A. Defendant Possessed the Glock .40 Caliber Pistol in Connection with a Violation of Iowa Code § 724.4**

The United States objected to the presentence report's conclusion that defendant did not possess a firearm in connection with another felony offense. (PSR ¶ 21). Specifically, the United States asserts that defendant possessed the firearm in connection with the Iowa crime of carrying weapons, a violation of Iowa Code § 724.4(1). In August 2019, that statute provided:

> Except as otherwise provided in this section, a person who goes armed with a dangerous weapon concealed on or about the person, or who, within the limits of any city, goes armed with a pistol or revolver, or any loaded firearm of any kind, whether concealed or not, or who knowingly carries or transports in a vehicle a pistol or revolver, commits an aggravated misdemeanor.

Iowa Code § 724.4(1) (2019).[1] Section 724.4 contained a number of exceptions to the general provisions of subsection (1), including the following:

> A person who has in the person's possession and who displays to a peace officer on demand a valid permit to carry weapons which has been issued to the person, and whose conduct is within the limits of that permit. A person shall not be convicted of a violation of this section if the person produces at the person's trial a permit to carry weapons which was valid at the time of the alleged offense and which would have brought the person's conduct within this exception if the permit had been produced at the time of the alleged offense.

Iowa Code Ann. § 724.4 (2019).

---

[1] An aggravated misdemeanor is punishable by a term of imprisonment not to exceed two years. Iowa Code § 903.1(2).

3

Prior to 2017 Section 724.4C of the Iowa Code provided simply that "A permit issued under this chapter is invalid if the person to whom the permit is issued is intoxicated as provided in section 321J.2, subsection 1."[2] Iowa Code § 724.4C (2016). In 2017, however, multiple Iowa Code provisions related to weapons regulations were amended. As pertinent in this case, Section 724.4C was amended to create a new crime, "possession or carrying dangerous weapons while under the influence," which was a serious misdemeanor. Iowa Code § 724.4C (2017). The new § 724.4C no longer contained a reference to the validity of a concealed carry permit. (*Id*.). Simultaneous with the removal of the "invalidation" language from Section 724.4C, however, the Iowa legislature added new language to Section 724.11, which deals with the requirements for issuance of permits to carry weapons. The new language, contained in subsection 5, stated, "The permit shall also include a designation that the permit is invalid when the permittee is intoxicated." Iowa Code § 724.11 (2017).

---

[2] Subsection 1 of Section 321J.1 (the operating while intoxicated statute) defined the conditions under which a driver was considered intoxicated. This included when they drove under any of the following conditions:

> a. While under the influence of an alcoholic beverage or other drug or a combination of such substances.
> b. While having an alcohol concentration of .08 or more.
> c. While any amount of a controlled substance is present in the person, as measured in the person's blood or urine.

Iowa Code Ann. § 321J.2 (2016). The version of 724.4C that applied in August 2019 also contained a reference to these same definitions in 321J.2 to determine when a person would be considered "intoxicated" for purposes of the serious misdemeanor crime of possession of dangerous weapons while under the influence. *See* Iowa Code § 724.4C (2019).

4

As shown on Government Exhibit 1, defendant's concealed carry permit was issued in November 2017. Consistent with the requirements of § 724.11, the permit plainly states in the lower left corner that the permit is "invalid when permittee is intoxicated."

The circumstances surrounding defendant's arrest on August 1, 2019, demonstrate that he was intoxicated while he was in possession of the Glock .40 caliber pistol in the bathroom. It is undisputed that defendant had detectable amounts of illegal controlled substances in his urine. *See* Iowa Code § 321J.2(c). As noted on his permit, and consistent with Section 724.11, defendant's status of being intoxicated rendered the permit temporarily invalid during the period of intoxication.

The United States Probation Office has not applied the four-level specific offense characteristic under USSG §2K2.1(b)(6)(B) because this Court has previously rejected a different argument related to the 2017 statutory amendments to Chapter 724 of the Iowa criminal code. (PSR ¶ 21 – Probation Officer's Response to Government's Objection). In *United States v. Zachary Hogan*, No. 19-CR-00058-CJW-MAR (N.D. Iowa 2020), the United States argued that a concealed carry permit was invalid because the defendant falsely claimed that he was not a drug user when applying for the permit – in effect, that the permit was void *ab initio*. *Hogan*, No. 19-CR-00058-CJW-MAR at Docket No. 68 (hereinafter "*Hogan* sentencing transcript") at pp. 10-12. In rejecting the government's void-ab-initio argument, this Court stated that the Iowa legislature "did away with" the statutory

5

provision that rendered a permit invalid when the permittee was intoxicated in favor of creating a new crime. (*Id*. at 16). The Court noted that Section 724.4C "does not have any language suggesting that the license now becomes invalid. It just says you've committed another offense. . . ." (*Id*.). The Court therefore concluded that, given the removal of the "invalidation" language from 724.4C,

> [w]hether it was issued under false pretenses or not, it remains a valid license, or permit. And then if the state finds that it was issued under false pretenses, then the remedy by the state is to revoke the permit but it doesn't make it invalid ab initio. The state has to take action in order to invalidate the license or the permit. Section 724.14 of the Iowa Code says that, "The issuing officer may also revoke the permit of a person whom the issuing officer later finds was not qualified for such a permit at the time of the issuance or who the officer finds provided materially false information on the permit application."

(*Id*. at 17-18).

The United States notes that neither party nor the Court in *Hogan* cited or referred to Section 724.11 in discussing whether a permit is invalid while the person is intoxicated. Thus, while this Court in *Hogan* was correct that following the 2017 amendments to Section 724.4 no longer had "any language suggesting that the license now becomes invalid" (*Hogan* sentencing transcript at 16), it is incorrect to conclude that Chapter 724 no longer has such language. Section 724.11(5) evinces a legislative intent to maintain the prior regime that weapons-carry permits are not valid while the permittee is intoxicated. While the language of the 2017 addition to Section 724.11 is not identical to the prior language in 724.4C, the Iowa legislature's intent plainly remains the same. It would be illogical for the legislature to require a false statement to be printed on every carry permit in the

6

state. As this Court in *Hogan* recognized, the provisions of Section 724.13 relate to suspension or revocation of a permit, not to the permit's "validity" for purposes of Section 724.4.

Because the legislature deemed that carry permits were invalid while the permittee was intoxicated, a person in 2019 who otherwise committed the offense of carrying weapons, but who was intoxicated as that term was defined in the Iowa Code, had no defense to the crime as a result of their possession of a carry permit. This Court's conclusion in *Hogan*, made in the context of responding to a different argument about wholesale invalidity of a permit acquired by fraud and without having the benefit of considering Section 724.11(5), does not control the outcome in this case. The Court should find that, by operation of Section 724.11(5), defendant's permit was invalid during his period of intoxication on August 1, 2019, and that because his intoxication on that date coincided with his possession of a firearm under circumstances that would otherwise constitute a violation of Section 724.4, defendant committed the instant offense in connection with a violation of Section 724.4. The Court should sustain the United States' objection and find that the four-level specific offense characteristic applies.

### III. Conclusion

For the reasons stated above, the Court should find that defendant possessed the firearm on August 1, 2019, in connection with another felony offense. The Court should find that defendant's adjusted offense level (PSR ¶ 21) is 26, that his total

offense level (PSR ¶ 25) is 23, and that his advisory guidelines range is 51 to 63 months' imprisonment.

Respectfully submitted,

TIMOTHY T. DUAX
Acting United States Attorney

By: */s/ Dan Chatham*

DAN CHATHAM
Assistant United States Attorney
111 7th Avenue SE, Box 1
Cedar Rapids, Iowa 52401-2101
(319) 363-6333
(319) 363-1990 - fax
Dan.Chatham@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY: */s/ RAL*