IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN-DUBUQUE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 21-CR-1026-CJW |
| | ) | |
| vs. | ) | |
| | ) | |
| AUSTIN MATTHEW OBERBROECKLING, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S RESISTANCE TO MOTION FOR DOWNWARD VARIANCE

On May 5, 2022, defendant filed a motion for downward variance, requesting a sentence below the advisory guidelines range – specifically, 12 months and one day of imprisonment. Defendant cites his remorse, contrition, desire for rehabilitation, his prior military service, substance abuse issues, and his current physical and mental health conditions as reasons for a downward variance. (Docket 47).

When determining a sentence that is "sufficient, but not greater than necessary," the Court is required to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed---

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to protect the public from future crimes of the defendant; and

(C) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established [under the United States Sentencing Guidelines];

(5) any pertinent policy statement [by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). None of the factors relied upon by defendant – in isolation or combined – warrant a downward variance under all the facts and circumstances in this case.

First, defendant asserts that he is remorseful and contrite about his crimes. (Docket 47 at 12-13). While it is appropriate for the Court to consider defendant's remorsefulness and contrition in determining an appropriate sentence, there is nothing in the record that suggests defendant is more remorseful or contrite than any other defendant who pleads guilty to a federal crime. Indeed, defendant lodged several (now withdrawn) objections to the presentence report that would suggest he has been somewhat less than remorseful and contrite about his crime and his history of drug use. This is reinforced by his refusal to provide the probation office with information about his history of substance abuse, which hinders the Court's ability to assess the § 3553(a) factors. (PSR ¶¶ 45-49).

2

Defendant's military service, while laudable, does not warrant a downward variance from the advisory guidelines range. Defendant served for a little less than two years before his honorable discharge from the Marine Corps in 2015. (PSR ¶ 52). This argument is not intended to denigrate defendant's service to this country or the circumstances of his discharge from the military. The point is simply that defendant's service in the military does not fully explain, nor does it mitigate, his commission of the serious crimes at issue in the instant offense to the extent that a downward variance is warranted.

Finally, defendant cites his substance abuse problems as well as his physical and mental health issues as bases for a downward variance. While it is appropriate to consider these facts in determining defendant's sentence, these factors are more appropriately considered in determining placement and program recommendations in the BOP and in implementing conditions of supervised release. Moreover, as defendant refused to provide substance abuse information to the Probation Office during the presentence report preparation process, he cannot now claim his substance abuse history is a basis for a lower sentence of imprisonment when he has declined to provide the Court full information about his substance abuse history. Similarly, Defendant's physical and mental health condition, while not insignificant, are not sufficient to warrant a below-guidelines sentence. The Bureau of Prisons can adequately address any of defendant's mental and physical conditions, and defendant has failed to demonstrate that these conditions caused or

mitigated the instant offense such that they should be the basis for a downward variance.

Finally, the crime here is very serious. Defendant possessed a loaded handgun while intoxicated in a private business. He then possessed a sawed-off shotgun and 55 shotgun shells in a vehicle that was parked outside the hotel room that was essentially being used as a drug den by defendant and others. Defendant's conduct unquestionably placed others in the community in danger. The sentence imposed needs to reflect that dangerousness and a lengthy sentence is necessary to protect the public from further crimes by defendant. A sentence within the advisory guidelines range is sufficient, but not greater than necessary to achieve the § 3553(a) goals.

Respectfully submitted,

TIMOTHY T. DUAX
Acting United States Attorney

By: */s/ Dan Chatham*

DAN CHATHAM
Assistant United States Attorney
111 7th Avenue SE, Box 1
Cedar Rapids, IA 52401-2101
(319) 363-6333
(319) 363-1990 - fax
Dan.Chatham@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2022,
I electronically filed the foregoing with the
Clerk of Court using the ECF system, which
will send notification of such filing to the
parties or attorneys of record.

UNITED STATES ATTORNEY

BY: */s/ RAL*